GRANGER LAND DEVELOPMENT COMPANY v CLINTON
COUNTY BOARD OF ZONING APPEALS

Docket No. 67854. Submitted November 2, 1983, at Grand Rapids.—
Decided June 5, 1984.

Granger Land Development Company sought and obtained a
special use permit to operate a landfill from the Clinton County
Board of Commissioners. The People's Action League, Inc., a
nonprofit Michigan corporation, appealed the granting of the
special use permit to the Clinton County Board of Zoning
Appeals, which reversed the board of commissioner's grant of
the permit. Granger filed suit against the Clinton County Board
of Zoning Appeals and the People's Action League, Inc., in
Clinton Circuit Court seeking superintending control and other
relief. Granger contended that local zoning regulations concern-
ing the disposal of nonhazardous waste was pre-empted by the
state's enactment of the Solid Waste Management Act. People's
Action League, Inc., filed for accelerated or summary judgment
arguing that the court lacked jurisdiction because superintend-
ing control was not available because the County Zoning En-
abling Act provided for an appeal and Granger's appeal was
not timely filed under the enabling act. The court, Randy L.
Tahvonen, J., denied the People's Action League's motion and
held that the Solid Waste Management Act does not pre-empt
local control or regulation of nonhazardous waste disposal
facilities until the Director of the Department of Natural
Resources approves a solid waste management plan for the
county involved. Plaintiff appeals from that portion of the trial
court's decision denying its claim of pre-emption. People's
Action League, Inc., cross appeals from the trial court's denial
of its motion for accelerated or summary judgment. *Held:*

1. The trial court did not err in refusing to dismiss Granger's
appeal as untimely. The intent of the trial court was to allow a
delayed appeal as provided in the court rules.

2. Local regulation of solid waste disposal facilities became

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 61A Am Jur 2d, Pollution Control §§ 245, 246.

82 Am Jur 2d, Zoning and Planning § 145.5.

Applicability of zoning regulations to waste disposal facilities of
state or local governmental entities. 59 ALR3d 1244.

subject to pre-emption beginning July 1, 1981, but only upon approval of a county solid waste management plan by the Director of the Department of Natural Resources and then only where the local regulation was not part of, or consistent with, the approved plan. The trial court did not err in its ruling.

Affirmed.

1. MUNICIPAL CORPORATIONS — ORDINANCES — STATUTES — PRE-EMPTION.

A municipality is precluded from enacting an ordinance if a state statutory scheme pre-empts the ordinance by occupying the field of regulation which the municipality seeks to enter, even where there is no direct conflict between the two schemes of regulation.

2. MUNICIPAL CORPORATIONS — ORDINANCES — STATUTES — PRE-EMPTION.

The determination that the state has pre-empted a field of regulation which a municipality seeks to enter with an ordinance is made according to certain guidelines: (1) where state law expressly provides that the state's authority to regulate in a specified area is to be exclusive, there is pre-emption; (2) pre-emption of a field may be implied from an examination of legislative history in that field; (3) pervasiveness of the state regulatory scheme may support a finding of pre-emption; (4) the nature of the regulated subject matter may demand exclusive state regulation to achieve the uniformity necessary to serve the state's purpose.

3. MUNICIPAL CORPORATIONS — ORDINANCES — SOLID WASTE DISPOSAL — STATUTES — PRE-EMPTION.

Local regulation of solid waste disposal facilities became subject to pre-emption by the Solid Waste Management Act beginning July 1, 1981, and then only after the approval of a county solid waste management plan by the Director of the Department of Natural Resources; furthermore, the local regulation would be pre-empted only where it was not part of, or consistent with, the approved plan (MCL 299.401[30][4]; MSA 13.29[30][4]).

4. STATUTES — PRE-EMPTION — LIMITED PRE-EMPTION.

A court may not imply total pre-emption of a field of regulatory control from the statutory history of the pre-emption statute, the pervasiveness of the regulatory scheme, or the need for uniformity arising from the nature of the regulated subject

matter where the statute involved contains a provision for limited pre-emption.

*Willingham, Coté, Hanslovsky, Griffith & Foresman, P.C.* (by *Gary A. Trepod* and *John A. Yeager*), for plaintiff.

*Steketee & Timmons* (by *Peter W. Steketee*), for People's Action League, Inc.

Before: MACKENZIE, P.J., and J. H. GILLIS and T. C. MEGARGLE,* JJ.

PER CURIAM. Plaintiff appeals from a circuit court order denying, in part, its claim for relief from an action of the Clinton County Board of Zoning Appeals. Defendant People's Action League, a nonprofit corporation which intervened before the board of zoning appeals, cross-appeals.

On cross-appeal, it is claimed that the trial judge erred by refusing to dismiss as untimely plaintiff's appeal from the board of zoning appeals. An appeal to circuit court from a decision of a county board of zoning appeals is provided by MCL 125.223; MSA 5.2961(23). It is not clear, however, what court rule an appeal is to be brought under or what time limits apply to the right to appeal. Plaintiff argues that its appeal is brought under GCR 1963, 711 and that time limits for bringing its appeal should be implied from the provisions of the state's Administrative Procedures Act. See MCL 24.304(1); MSA 3.560(204)(1). Plaintiff argues that, alternatively, appropriate time limits can be implied from the time limits on appeals from decisions in city or village zoning cases. See MCL 125.590; MSA 5.2940. Cross-appellant claims that any appeal must be pursuant to GCR 1963, 701.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

GCR 1963, 701.2(a)(1) provides a shorter period for appeal than either of the provisions relied on by plaintiff. We decline the opportunity to resolve this issue in the present case. Even if cross-appellant is correct, it is clear that it was the intent of the trial judge to allow a delayed appeal. See GCR 1963, 701.2(c), 703.1(2).

In the trial court, plaintiff contended that local zoning regulations concerning the disposal of nonhazardous[1] waste was pre-empted by the state's enactment of the Solid Waste Management Act (hereafter Act 641), 1978 PA 641; MCL 299.401 *et seq.;* MSA 13.29(1) *et seq.* The trial court held that Act 641 does not pre-empt local control or regulation of nonhazardous waste disposal facilities until the Director of Department of Natural Resources approves the county solid waste management plan. At that time, local regulations inconsistent with the plan are rendered unenforceable. On appeal, plaintiff claims that the trial court erred.

A municipality is precluded from enacting an ordinance if a state statutory scheme pre-empts the ordinance by occupying the field of regulation which the municipality seeks to enter, even where there is no direct conflict between the two schemes of regulation. *People v Llewellyn,* 401 Mich 314, 322; 257 NW2d 902 (1977). In making a determination that the state has pre-empted the field of regulation, we apply certain guidelines expressed by the Supreme Court in *Llewellyn, supra,* pp 323-324. First, where state law expressly provides that the state's authority to regulate in a specified area is to be exclusive, there can be no doubt that

[1] Hazardous waste disposal facilities are governed by the Hazardous Waste Management Act, 1979 PA 64; MCL 299.501 *et seq.;* MSA 13.30(1) *et seq.,* which does pre-empt local regulation. See *Cascade Twp v Cascade Resource Recovery, Inc,* 118 Mich App 580; 325 NW2d 500 (1982).

municipal regulation is pre-empted. Second, pre-emption of a field of regulation may be implied from an examination of the history of state laws in that field. Third, the pervasiveness of the statutory regulatory scheme may support a finding of pre-emption. Finally, the nature of the regulated subject matter may demand exclusive state regulation to achieve the uniformity necessary to serve the state's purpose.

In the present case, the trial judge made an extensive review of the provisions of Act 641. He noted that, in deciding the question of pre-emption, special attention must be paid to § 30(4) of the act, which states:

"Following approval by the director of a county solid waste management plan and after July 1, 1981, an ordinance, law, rule, regulation, policy, or practice of a municipality, county, or governmental authority created by statute which prohibits or regulates the location or development of a solid waste disposal area, which is not part of or consistent with the approved solid waste management plan for the county, shall be considered in conflict with this act and shall not be enforceable."

The judge relied on § 30(4) to conclude that local regulation of disposal facilities was not pre-empted by Act 641 until after July 1, 1981, and then only after the approval of a county solid waste management plan by the Director of the Department of Natural Resources which would preclude the application of all local regulation which is not part of, or consistent with, the approved plan. We agree with Judge Tahvonen's holding that, "[b]y suggesting the occasion for pre-emption, the Legislature has evidenced an intent that there be no finding of pre-emption absent the fulfillment of the conditions specified".

Where a statute contains a provision for limited pre-emption (as in the present case), a court may not imply total pre-emption from the statutory history, the pervasiveness of the regulatory scheme, or the need for uniformity arising from the nature of the regulated subject matter. Section 30(4) provides for limited pre-emption; it also implicitly precludes a holding of total pre-emption. We agree with the trial court's conclusion that local regulation of nonhazardous waste disposal facilities is precluded only in those situations specified in § 30(4) of Act 641.

Affirmed.