SOUTHEASTERN OAKLAND COUNTY INCINERATOR
AUTHORITY v AVON TOWNSHIP

Docket No. 77076. Submitted January 23, 1985, at Lansing.—Decided
July 1, 1985. Leave to appeal applied for.

The Southeastern Oakland County Incinerator Authority brought
an action in Oakland Circuit Court against the Township of
Avon and the Township of Avon Board of Zoning Appeals
seeking a declaration that by the Solid Waste Management Act
the defendants were preempted from regulating plaintiff's land-
fill and seeking injunctive relief preventing defendants from in-
terfering with plaintiff's landfill operations. Plaintiff moved for
summary judgment. The trial court, Hilda R. Gage, J., granted
the motion for summary judgment, holding that the State of
Michigan had totally preempted the field of solid waste man-
agement and had removed defendant's ability to exercise any
regulation of the plaintiff's landfill under local ordinances or
rules. Defendants then moved to amend their answer by strik-
ing from the answer the affirmative defense based on the
township rural zoning enabling act. The trial court denied the
motion to amend. Defendants appealed. Held:

1. The statutory scheme embodied in Solid Waste Manage-
ment Act prevents local regulation of the operation of a land-
fill.

2. It was an abuse of discretion for the trial court to deny the
motion to amend, since plaintiff failed to show how any injus-
tice would be worked on it if the motion were granted.

Affirmed in part and reversed in part.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 5] Am Jur 2d, Municipal Corporations, Counties, and Other
Political Subdivisions §§ 374-377.
See the annotations in the ALR3d/4th Quick Index under Munici-
pal Corporations § 3.
[3] Am Jur 2d, Municipal Corporations, Counties, and Other Political
Subdivisions §§ 374-377, 457-465.
Applicability of zoning regulations to waste disposal facilities of
state or local governmental entities. 59 ALR3d 1244.
[4] Am Jur 2d, Pleadings §§ 306-338.
See the annotations in the ALR3d/4th Quick Index under Amend-
ment of Pleadings.

Shepherd, P.J., concurred. He would find preemption on the basis of the pervasiveness of the state regulatory scheme, the need for uniform treatment, and the existence in the state regulatory scheme of adequate means of addressing local concerns.

### Opinion of the Court

1. Municipal Corporations — Ordinances — Statutes — Preemption.

   A municipality is precluded from enacting an ordinance if the ordinance is in direct conflict with the state statutory scheme, or if the state statutory scheme occupies the field of regulation which the municipality seeks to enter even where there is no direct conflict between the two schemes of regulation.

2. Municipal Corporations — Ordinances — Statutes — Preemption.

   The determination that the state has preempted a field of regulation which a municipal corporation seeks to enter with an ordinance is made according to certain guidelines: (1) where state law expressly provides that the state's authority to regulate is to be exclusive, there is preemption; (2) preemption may be implied upon an examination of legislative history; (3) pervasiveness of the state regulatory scheme is a factor which should be considered as evidence of preemption; (4) the nature of the regulated subject matter may demand exclusive state regulation to achieve the uniformity necessary to serve the state's purpose or interest.

3. Environment — Landfills — Solid Waste Management Act — Preemption.

   The statutory scheme embodied in the Solid Waste Management Act preempts local regulation of the operation of landfills (MCL 299.401 *et seq.;* MSA 13.29[1] *et seq.).*

4. Pleading — Amendment of Pleadings.

   It is an abuse of discretion for a trial court to deny a defendant's motion to amend its pleadings by the striking of an affirmative defense from its answer made after summary judgment has been granted in favor of the plaintiff where the affirmative defense was not part of the summary judgment and there was no showing that any injustice would result from granting the motion to amend (GCR 1963, 118.1).

### Concurrence of Shepherd, P.J.

5. Environment — Solid Waste Mangement — Preemption.
   *The pervasiveness of the state's regulation of solid waste manage-*

*ment and the need for uniform treatment indicate a legislative
intent for state preemption of the regulation of solid waste
management.*

*Ginn, Kramer, Jacobson & Burnstein, P.C.* (by
*Marvin Kramer),* for plaintiff.

*Patterson & Patterson, Whitfield, Manikoff, Ter-
nan & White* (by *Lawrence R. Ternan* and *John D.
Staran),* for defendants.

Before: SHEPHERD, P.J., and D. E. HOLBROOK, JR.
and M. F. SAPALA,* JJ.

D. E. HOLBROOK, JR., J. Plaintiff, Southeastern
Oakland County Incinerator Authority (SOCIA),
initiated this suit against defendants, Charter
Township of Avon and the Township of Avon
Zoning Board of Appeals, requesting, *inter alia,* a
declaration that the Solid Waste Management Act,
MCL 299.401 *et seq.;* MSA 13.29(1) *et seq.,*
prevented the local governmental units from reg-
ulating SOCIA's landfill operations. Plaintiff also
requested injunctive relief to prohibit defendants
from interfering with its landfill operations.

Plaintiff's motion for summary judgment pursu-
ant to GCR 1963, 117.2(2) and (3) was granted in
which the trial court held that State of Michigan
had totally preempted the field and removed de-
fendants' ability to exercise any authority under
local ordinances or rules.

Defendants then made a motion to amend their
answer to delete reference to the township rural
zoning enabling act, MCL 125.271 *et seq.;* MSA
5.2963(1)*et seq.,* which was denied. Judgment was
entered in favor of plaintiff and defendants now
appeal as of right. Defendants contend that the

* Recorder's Court judge, sitting on the Court of Appeals by assign-
ment.

court erred in its holding that the local government was totally preempted and in its refusal to grant leave to amend the answer.

Defendants claim that the only limitation, or preemption, of local regulation is contained in MCL 299.430(4); MSA 13.29(30)(4) which provides that:

"(4) Following approval by the director of a county solid waste management plan and after July 1, 1981, an ordinance, law, rule, regulation, policy, or practice of a municipality, county, or governmental authority created by statute which prohibits or regulates the location or development of a solid waste disposal area, which is not part of or consistent with the approved solid waste management plan for the county, shall be considered in conflict with this act and shall not be enforceable."

Defendants' argument is based on *Granger Land Development Co v Clinton Board of Zoning Appeals,* 135 Mich App 154; 351 NW2d 908 (1984), however that case is distinguishable from the one at bar. *Granger, supra,* dealt with the location of the site, while in the instant action the question revolves around regulating an existing landfill. Therefore, we must determine the legislative intent.

We cannot simply read § 30(4) and claim that it is the only limitation on preemption or that from this one section it is clear that the Legislature intended to totally preempt the field.

"[A] statute must be read in its entirety. The meaning given one section must be arrived at after due consideration of other sections so as to produce, if possible, a harmonious and consistent enactment as a whole." *Delta County v Dep't of Natural Resources,* 118

Mich App 458, 462; 325 NW2d 455, *lv den* 414 Mich 954 (1982).

The standards for determining if a local ordinance is preempted by a state statutory scheme are found in *People v Llewellyn,* 401 Mich 314, 322-324; 257 NW2d 902 (1977), *cert den* 435 US 1008; 98 S Ct 1879; 56 L Ed 2d 390 (1978), where the Court said:

"A municipality is precluded from enacting an ordinance if 1) the ordinance is in direct conflict with the state statutory scheme, or 2) if the state statutory scheme pre-empts the ordinance by occupying the field of regulation which the municipality seeks to enter, to the exclusion of the ordinance, even where there is no direct conflict between the two schemes of regulation.

\*   \*   \*

"In making the determination that the state has thus pre-empted the field of regulation which the city seeks to enter in this case, we look to certain guidelines.

"First, where the state law expressly provides that the state's authority to regulate in a specified area of the law is to be exclusive, there is no doubt that municipal regulation is pre-empted.

"Second, pre-emption of a field of regulation may be implied upon an examination of legislative history.

"Third, the pervasiveness of the state regulatory scheme may support a finding of pre-emption. \*   \*   \*

"Fourth, the nature of the regulated subject matter may demand exclusive state regulation to achieve the uniformity necessary to serve the state's purpose or interest." (Footnotes and citations omitted.)

In applying these factors to the instant case, we find no provision that provides for exclusive state control. A study of the legislative history reveals that the House favored dual control of solid waste

management, although it is impossible to discern the intent of the Senate.[1]

Our review of the records leads us to the conclusion that the state regulatory scheme is too pervasive. The Legislature contemplated significant local input in the development of county plans. MCL 299.427; MSA 13.29(27) and MCL 299.428; MSA 13.29(28). However, once these plans are approved a cohesive scheme of centralized and uniform controls emerge. The director of the DNR is responsible for issuing construction permits,[2] for issuing licenses to operate,[3] and may revoke licenses or condition licensings.[4] We believe from the comprehensiveness of this statutory scheme that the Legislature intended to preempt this field. In discussing the Hazardous Waste Management Act,[5] which is a similar legislative scheme, this Court said:

"The inclusion of local input further indicates that the Legislature has pre-empted the field. To hold otherwise could completely upset the balance between state and local interests since a municipality could veto the state's decision to issue a permit or license even though the state took the municipality's concerns into consideration." *Cascade Twp v Cascade Resource Recovery, Inc,* 118 Mich App 580, 589; 325 NW2d 500 (1982).

However, while pervasiveness is a factor, it alone will not support a finding of preemption. *Llewellyn, supra,* p 324.

---

[1] See the House Legislative Analysis, HB 4411, October 21, 1981. House Bill 4411 was to be an amendment to the act in question to explicitly describe permissible areas of local regulation. This bill passed the House but the Senate referred it to committee and it never came out of committee. See 1981 House Journal 2023 and 1981 Senate Journal 1844.

[2] MCL 299.412; MSA 13.29(12).

[3] MCL 299.413; MSA 13.29(13).

[4] MCL 299.414; MSA 13.29(14).

[5] MCL 299.501 *et seq.;* MSA 13.30(1) *et seq.*

The fourth factor we must examine is if this area demands exclusive state control.

"As to this last point, examination of relevant Michigan cases indicates that where the nature of the regulated subject matter calls for regulation adapted to local conditions, and the local regulation does not interfere with with the state regulatory scheme, supplementary local regulation has generally been upheld.

"However, where the Court has found that the nature of the subject matter regulated called for a uniform state regulatory scheme, supplementary local regulation has been held pre-empted." (Footnote omitted.) *Llewellyn, supra,* pp 324-325.

As with hazardous wastes, the management and disposal of solid wastes is clearly an area which demands uniform statewide treatment. In holding that the Hazardous Waste Management Act preempted local regulation, we said:

"The Legislature recognized that hazardous waste disposal areas evoke such strong emotions in localities that the decision as to where a landfill should go should not be given to the locality, which is far more swayed by parochial interests than the state. The Legislature, instead, gave the power to a centralized decision-maker who could act uniformly and provide the most effective means of regulating hazardous wastes." *Cascade Twp, supra,* pp 590-591.

We find that this problem, *inter alia,* was discussed in the House Legislative Analysis, HB 6314, January 11, 1979.[6]

"It is widely thought that a new statute is necessary to regulate the transporation and disposal of solid waste in Michigan. Current efforts are hampered, it is said, by

[6] This bill became 1978 PA 641, the Solid Waste Management Act, also known as Act 641.

a lack of uniform standards and procedures, a lack of consistent requirements, a lack of cooperation between different levels of government, and by inadequate planning and enforcement. Some of the inadequacies of present efforts could be remedied by an increase in funds and personnel for planning and enforcement. Other inadequacies need to be addressed by establishing in statute and by rule a more comprehensive approach to solid waste management."

Accordingly, we find that the statutory scheme prevents local regulation concerning the operation of a landfill. Plaintiff is permitted to conduct its affairs without complying with local regulations as long as it complies with the statewide uniform regulations. Defendant's local concerns are taken into account and given consideration. MCL 299.427; MSA 13.29(27) and MCL 299.428; MSA 13.29(28).

"In equity cases we review the record *de novo* with due deference given to the findings of the trial court. We must sustain those findings unless convinced that, had we heard the evidence in the first instance, we would have been compelled to rule to the contrary. *Groveland Twp v Jennings,* 106 Mich App 504, 509-510; 308 NW2d 259 (1981)."[7] *Cascade, supra,* p 584.

Defendants also claim that the trial court abused its discretion in denying defendants' motion to amend. We agree. Plaintiff has not shown how any injustice would be worked on it by allowing defendants to strike from their answer an affirmative defense that was not a part of the grant of summary judgment. Plaintiff would be free to challenge any possible future suits on the grounds of collateral estoppel if such is proper at

---

[7] *Groveland* was recently affirmed by our Supreme Court. 419 Mich 719; 358 NW2d 888 (1984).

that time. *Midura v Lincoln Consolidated Schools,* 111 Mich App 558; 314 NW2d 691 (1981).

Affirmed in part; reversed in part. No costs. A public question involved.

M. F. SAPALA, J., concurred.

SHEPHERD, P.J. *(concurring).* I agree with the result reached by the majority and join in its opinion. In the field of solid waste management, the pervasiveness of the state's regulatory scheme and the need for uniform treatment indicate a legislative intent to occupy the field. *People v Llewellyn,* 401 Mich 314, 322-324; 257 NW2d 902 (1977), *cert den* 435 US 1008; 98 S Ct 1879; 56 L Ed 2d 390 (1978). I have come to this conclusion after consideration of the statute and the regulations written by the Department of Natural Resources pursuant to MCL 299.431; MSA 13.29(31). See, 1982 AACS, R 299.4101 *et seq.* These enactments constitute "a broad, detailed, and multifaceted attack" on the problem of solid waste management in this state. *Llewellyn, supra,* p 326.

I am not as certain as my colleagues that the factors underlying this Court's finding of preemption in the area of hazardous waste management are directly applicable to this matter. *Cascade Twp v Cascade Resource Recovery, Inc,* 118 Mich App 580; 325 NW2d 500 (1982). The Hazardous Waste Management Act, MCL 299.501 *et seq.;* MSA 13.30(1) *et seq.,* contains unequivocal statements of the exclusivity of state authority. *Cascade Twp, supra,* p 586. The same statute requires preparation of a statewide management plan only, MCL 299.509; MSA 13.30(9), not of county plans as does the statute at issue here. In addition, the management of nonhazardous solid waste does not pose the immediate crisis presented by hazardous material. *Cascade, supra,* pp 590-591.

I might have had more difficulty in affirming the trial court's holding if the state regulations did not adequately address local concerns, but that is not the case. The regulations provide for substantial involvement of local governmental units (through their respective health departments) in the continued monitoring of solid waste facilities. 1982 AACS, R 299.4201 *et seq.* The operator of a proposed landfill must submit a "sanitary landfill design plan" which, to cite but one example, "shall take into consideration immediate and long-term environmental factors", including noise, dust and odors. 1982 AACS, R 299.4305(12)(a).

Of course, if local units of government feel that the state's scheme gives insufficient consideration to local interests, they are free to seek an amendment of the statute or the regulations. I agree with the majority that the state's scheme already has elements which render it adaptable to local conditions. Additionally, local regulations may have been considered by the Legislature to be unnecessary, and might do no more than "interfere with the state regulatory scheme". *Llewellyn, supra,* pp 324-325.