FORT GRATIOT CHARTER TOWNSHIP v KETTLEWELL

Docket Nos. 78934, 79102. Submitted October 1, 1985, at Detroit.—
Decided April 9, 1986. Leave to appeal applied for.

Defendants, William Kettlewell, Bill Kettlewell Excavating, Inc.,
and Eastern Michigan Development Co., began to operate a
sanitary landfill in plaintiff, Fort Gratiot Charter Township, St.
Clair County. In 1979, the township filed suit in the St. Clair
Circuit Court against defendants seeking to preclude them from
disposing of anything in the landfill other than demolition
material, for which they had a permit from the township. A
memorandum agreement and consent judgment was later en-
tered. Pursuant to the terms of the judgment, defendants were
allowed to operate their business and were required to comply
with the Solid Waste Management Act and the rules promul-
gated thereunder, and the court retained continuing jurisdic-
tion over the case. Defendants entered into an option to sell the
landfill to The Disposal Company. The Disposal Company there-
after commenced negotiations with the South Macomb Disposal
Authority. South Macomb Disposal Authority handles 85% of
the Macomb County generated residential solid waste. The
township filed a motion, pursuant to the trial court's retained
jurisdiction, seeking a permanent injunction against the dis-
posal of Macomb County solid waste in the Kettlewell Landfill.
The Disposal Company intervened as a defendant in the action.
The South Macomb Disposal Authority was added as a party
defendant. The court, Ernest F. Oppliger, J., enjoined the
disposal of any Macomb County solid waste at the St. Clair
County landfill site. The court based its decision on the fact
that the disposal of Macomb County solid waste at the Kettle-
well Landfill site is not specifically set forth in the Macomb and
St. Clair County plans, as required by 1982 AACS, R

REFERENCES

Am Jur 2d, Administrative Law §§ 473 et seq.

Am Jur 2d, Constitutional Law §§ 804 et seq.

Am Jur 2d, Municipal Corporations, Counties and other Political
Subdivisions §§ 423 et seq.

See the annotations in the ALR3d/4th Quick Index under Adminis-
trative Law; Environmental Law; Municipal Corporations.

299.4711(e)(iii)(C). The court further ruled that the local township ordinances were preempted by the Solid Waste Management Act. Defendants appealed and The Disposal Company cross-appealed the injunction against the disposal of Macomb County waste in the landfill. Plaintiff appealed the order insofar as it modified the prior consent judgment requiring adherence to certain township ordinances. The appeals were consolidated by the Court of Appeals. *Held:*

1. The court did not err in holding that defendants are prohibited from disposing of Macomb County solid waste in the landfill because the solid waste management plans of both counties did not mention the landfill.

2. The counties' plans may be amended to mention the landfill and comply with the rule.

3. The Solid Waste Management Act comports with the constitutional due process requirement.

4. Limiting the disposal of waste at the landfill does not constitute an unconstitutional taking by diminishing the property's value.

5. The Solid Waste Management Act does not unconstitutionally delegate power to the Department of Natural Resources and both the act and the rules promulgated thereunder draw standards which are reasonably precise.

6. The Solid Waste Management Act preempts local legislation regulating landfill operations.

7. The court did not err in modifying the previously entered consent judgment without the consent of all parties.

Affirmed.

1. ENVIRONMENT — LANDFILLS — SOLID WASTE MANAGEMENT PLANS.

A landfill located in one county and serving another county must be identified in the solid waste management plans of both counties (1982 AACS, R 299.4711[e][iii][C]).

2. CONSTITUTIONAL LAW — DUE PROCESS — STATUTES.

Legislation comports with the requirements of due process where it bears a reasonable relationship to a permissible legislative objective.

3. CONSTITUTIONAL LAW — STATUTES — PRESUMPTIONS.

There is a presumption that a statute is constitutional.

4. ENVIRONMENT — SOLID WASTE MANAGEMENT ACT — DUE PROCESS.

The Solid Waste Management Act comports with the constitutional due process requirement (MCL 299.401 *et seq.;* MSA 13.19[1] *et seq.).*

5. CONSTITUTIONAL LAW — TAKING — PROPERTY VALUES.

Governmental action resulting in a diminution in property value does not, standing alone, establish a taking requiring compensation under the constitution.

6. ADMINISTRATIVE LAW — DELEGATION OF POWERS — STATUTES.

The guiding principles in determining whether a statute provides sufficient standards for the exercise of discretion of an administrative official are: (1) the provision in question should not be isolated but must be construed with reference to the entire act; (2) the standard should be as reasonably precise as the subject matter requires or permits; and (3) if possible the statute must be construed in such a way as to render it valid, not invalid, as conferring administrative, not legislative, power, and as vesting discretionary, not arbitrary, authority.

7. CONSTITUTIONAL LAW — DELEGATION OF POWERS — SOLID WASTE MANAGEMENT ACT.

The Solid Waste Management Act does not unconstitutionally delegate power to the Department of Natural Resources and both the act and the rules promulgated thereunder draw standards which are reasonably precise (MCL 299.401 *et seq.*; MSA 13.29[1] *et seq.*).

8. ENVIRONMENT — LANDFILLS — SOLID WASTE MANAGEMENT ACT — PREEMPTION.

The statutory scheme embodied in the Solid Waste Management Act preempts local regulation of the operation of landfills (MCL 299.401 *et seq.*; MSA 13.29[1] *et seq.*).

*Zick, Currier & Swegles, P.C.* (by Keith D. Zick), and *Patterson, Patterson, Whitfield, Manikoff, Ternan & White* (by Lawrence R. Ternan), for plaintiff.

*Bush, Luce, Henderson, Bankson & Heyboer* (by David R. Heyboer), for defendants Kettlewell, Bill Kettlewell Excavating, Inc., and Eastern Michigan Development Company.

*Kiefer, Allen, Cavanagh & Toohey* (by Robert E. Toohey), for The Disposal Company.

Before: D. E. HOLBROOK, JR., P.J., and R. B. BURNS and K. B. GLASER,* JJ.

PER CURIAM. This is an injunctive action to prevent defendants from disposing of solid waste generated in Macomb County at a sanitary landfill located in St. Clair County and owned by defendants William Kettlewell, Bill Kettlewell Excavating Company, Inc., and Eastern Michigan Development Company (hereinafter collectively referred to as Kettlewell). A permanent injunction was issued prohibiting solid waste originating in Macomb County from being put in Kettlewell's St. Clair County landfill until the amendment of the two counties' solid waste management plans. In Docket No. 78934, Kettlewell and intervening defendant, The Disposal Company, appeal as of right from that portion of the order enjoining the deposit of solid waste from Macomb County. In Docket No. 79102, plaintiff, the Charter Township of Fort Gratiot appeals as of right from that portion of the injunction which modifies a previously entered consent judgment. The trial court held that the township's ordinance regulating the landfill is preempted by the Solid Waste Management Act, MCL 299.401 et seq.; MSA 13.29(1) et seq.

Kettlewell has been operating a landfill since the sixties. In 1979 the township instituted an injunctive action to limit disposal into the landfill to only demolition materials. The trial court felt that the township's having previously allowed the disposal of other materials estopped them from trying to prevent any further disposal of the same materials. Both parties appealed and while the appeal was pending the parties settled and entered into a consent judgment. The terms allowed Kettlewell to deposit nonhazardous materials allowed

---

* Circuit judge, sitting on the Court of Appeals by assignment.

under the act, required Kettlewell to comply with the act and the township ordinances, and left the court with continuing jurisdiction.

In June, 1983, The Disposal Company began negotiating with Kettlewell and the South Macomb Disposal Authority for the sale of the site. The township filed a motion to prevent Kettlewell from violating the consent judgment. What Kettlewell would have allegedly violated would have been a DNR rule promulgated pursuant to the act, 1982 AACS, R 299.4711(e)(iii)(C), which provides:

"(e) [Solid waste management] [p]lan selection shall be based on all of the following:

* * *

"(iii) Site requirements, including the following requirements:

* * *

"(C) A site for a solid waste disposal area that is located in one county, but serves another county, shall be identified in both county solid waste management plans."

Apparently the Kettlewell landfill was only mentioned in one county's plan. The court held that requiring both counties to amend their plans to provide for Macomb County waste in St. Clair County landfills was acceptable. Furthermore, the trial judge held that the act preempted any local ordinances and modified the consent judgment.

We first must determine if the trial court erred in ruling that defendants are prohibited from disposing of Macomb County solid waste at the St. Clair County Kettlewell landfill. After a careful review we find no error. We do not find the requirement that both counties' plans mention the landfill to be in error or unreasonable. MCL 299.430; MSA 13.29(30) provides for the DNR to

promulgate rules for the development and form of solid waste management plans. 1982 AACS, R 299.4711(e)(iii)(C) provides that a site located in one county but serving another shall be identified in both counties' plans. The counties' plans may be amended to comply with the rules, which would resolve this issue. Defendants' contention that the plan would have to specifically prohibit this is without merit. County plans state what is permitted in the affirmative rather than including an exhaustive statement of what is prohibited. *Independence Twp v Shibowski,* 136 Mich App 178; 355 NW2d 903 (1984), *lv den* 422 Mich 853 (1985).

Defendants also argue that the prohibition against depositing Macomb County solid waste in St. Clair County was unconstitutional. The test to determine if this legislation comports with due process is whether or not the legislation bears a reasonable relationship to a permissible legislative objective. *Shavers v Attorney General,* 402 Mich 554; 267 NW2d 72 (1978), *cert den* 442 US 934 (1979), *after remand* 412 Mich 1105 (1982). The challenged legislation is afforded a presumption of constitutionality. We must determine if there is a rational basis for the legislation and if the legislation bears a reasonable relation to the objective. Our review reveals that the legislative objective was to foster comprehensive planning for the disposal of said waste at the local level and to integrate state licensing with those plans so that the disposal of waste within the planning area would be compatible with the local plan. Additionally, enactment of the statutory planning and licensing scheme reasonably relates to the purpose of correcting past planning and licensing inadequacies. By placing primary planning at the county level, the scheme provides for reasoned planning for disposal sites based in part on the county's proj-

ected capacities and waste generation rates. Each county is permitted to address local concerns and to adapt its plans to local conditions while at the same time safeguarding parochial decision-making by requiring the plan to be approved for inclusion in the state plan. The rules and the act provide a method whereby a county can develop a plan which is workable and will not be disrupted by future disposal of waste from sources not accounted for during the planning process.

Defendants also contend that the statutory scheme creates two classifications: counties which allow intercounty disposal of solid waste and counties which do not. However, this argument is without merit. All counties wishing to deposit their waste outside their borders are subject to the requirements that the plans of both the depositing and receiving counties so provide in their plans.

Defendants additionally argue that limiting the disposal of waste at the Kettlewell site so diminished the value of the landfill as to constitute a taking of the land by the government. A diminution in property value, standing alone, does not establish a taking. *Village of Euclid, Ohio v Ambler Realty Co,* 272 US 365; 47 S Ct 114; 71 L Ed 303 (1926). See also *Kropf v City of Sterling Heights,* 391 Mich 139; 215 NW2d 179 (1974).

Defendants also allege that the Legislature unconstitutionally delegated its power in conferring upon the DNR the authority to promulgate rules and that, furthermore, the DNR has unconstitutionally delegated legislative power because both have failed to articulate adequate standards. In *Dep't of Natural Resources v Seaman,* 396 Mich 299, 308-309; 240 NW2d 206 (1976), the Supreme Court set forth the following principles to apply herein. The first is that the act should be read as a whole; secondly, the standards should be as reason-

ably precise as the subject matter requires or permits; and, lastly, the statute should be construed in such a way as to be valid. Our review reveals that the act sufficiently meets these standards.

When the rules are read as a whole it is clear that the standards are as precisely drawn as possible. We find defendant's contentions to be without merit.

Kettlewell argues that the prohibition constitutes an antitrust violation of 15 USC 1, the Sherman Act, which provides in pertinent part that "every contract, combination * * * or conspiracy, in the restraint of trade or commerce among the several states * * * is declared to be illegal." As defendants' activities do not involve interstate commerce or substantially affect interstate commerce, this argument is without merit. *McDonald v Saint Joseph's Hospital of Atlanta, Inc,* 524 F Supp 122 (ND Ga, 1981).

Next, we must determine if the township ordinances regulating landfill operations are preempted by the act. This issue, has been decided in the affirmative in *Southeastern Oakland County Incinerator Authority v Avon Twp,* 144 Mich App 39; 372 NW2d 678 (1985).

Lastly, the township argues that the trial court erred in modifying the 1981 consent judgment without the consent of the parties. The consent judgment provided for compliance with township ordinances that have been declared preempted. *Southeastern Oakland County Incinerator Authority, supra.* The trial court is allowed to relieve a party from a judgment if it is no longer equitable that the judgment should have prospective application. GCR 1963, 528.3, now MCR 2.612(c). We find no error in the modification, especially in light of

our decision in *Southeastern Oakland County Incinerator Authority, supra.*

Accordingly, we affirm the decision of the lower court.

Affirmed.